IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ISAAK BASARGIN, | ) | Civil No. 05-345-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

    Max Rae
    1880 Lancaster Dr., N.E., Suite 113
    Salem, OR 97305

     Attorney for Plaintiff

    Carol A. Hoch
    Lucille G. Meis
    SOCIAL SECURITY ADMINISTRATION
    Office of General Counsel
    701 Fifth Avenue
    Suite 2900 M/S 901
    Seattle, WA 98104-7075

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

   Attorneys for Defendant

JONES, Judge:

Claimant Isaak Basargin seeks judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits ("DIB"). Defendant, in turn, has moved to remand this case for further administrative proceedings (# 16).

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Following a careful review of the record, the court concludes that the case must be remanded for further proceedings and therefore grants defendant's motion.

## ADMINISTRATIVE HISTORY

Claimant protectively filed an application for DIB on October 23, 2001, alleging disability since May 16, 2001, due to "diabetes, back pains, uncontrollable headache, mass depression, [and] high blood pressure." Tr. 61. The application was denied initially and on reconsideration. Claimant requested a hearing. At the hearing on July 10, 2003, claimant, represented by counsel, appeared and testified through an interpreter, and a vocational expert also testified. On December 3, 2003, the Administrative Law Judge ("ALJ") issued a decision denying claimant's application. The ALJ's decision became the final decision of the Commissioner on January 26, 2005, when the Appeals Council declined review.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ first determined that claimant met the requirements for a period of disability and DIB through September 30, 2003. The ALJ then employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. § 404.1520. The ALJ first determined that claimant has not engaged in substantial gainful activity since the alleged onset of disability.

Second, the ALJ found that claimant has a severe impairment in the form of epicondylitis in his right arm, but that his other alleged impairments, including diabetes, back pain, headaches, and depression were not severe. Third, the ALJ determined that claimant's severe impairment did not meet or equal the requirements of any impairment in the Listing of Impairments, Appendix 1, Subpart P, Regulation No. 4. In determining the severity of claimant's impairment, the ALJ found claimant's allegations concerning his limitations not to be fully credible.

Next, the ALJ determined that claimant retained the residual functional capacity to perform light work, using his right upper extremity only for assisting in lifting up to 20 pounds occasionally and 10 pounds frequently with his left upper extremity. The ALJ found no other functional or environmental limitations.

The ALJ next found that claimant's past relevant work as a company owner/operator did not require the performance of work-related activities precluded by his residual functional capacity, and that claimant could perform his past relevant work. Consequentially, the ALJ determined that claimant is not disabled as defined by the Social Security Act and denied his application for benefits.

STATEMENT OF FACTS

The parties are familiar with the medical and other evidence of record. Given that the parties agree that the case must be remanded and dispute only the purpose of the remand, I will not recite the evidence here.

The Commissioner concedes that the ALJ erred in his assessment of the severity of claimant's mental impairments and in his failure to evaluate claimant's obesity, as well as in his consideration of medical source opinions and lay evidence. Because of these errors, the Commissioner further concedes that the ALJ's residual functional capacity assessment and his finding that claimant can perform his past relevant work are not supported by substantial evidence. The Commissioner urges the court to remand for further proceedings; specifically, to allow the ALJ to develop the record by contacting at least one medical source for clarification of a medical opinion, and to hold a supplemental hearing to receive additional vocational testimony "to clarify the effect of the assessed limitations on [claimant's] occupational base." Defendant's

4 - OPINION AND ORDER

Memorandum in Support of Remand, p. 3. Claimant, in turn, argues that the case must be remanded for an immediate award of benefits.

The Ninth Circuit has articulated standards by which this court is to decide whether to remand for further proceedings or simply for an award of benefits. If enhancement of the record would be useful, remand for further proceedings is appropriate. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). If, however, the record has been fully developed and further administrative proceedings would serve no useful purpose, the court should remand for an immediate award of benefits. Id. More specifically, the court should credit evidence that was rejected improperly during the administrative process and remand for an immediate award of benefits if:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Id. (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)). In the end, however, it is within this court's discretion to remand for further proceedings or an immediate award of benefits. Id. at 590.

I agree with the Commissioner that further proceedings are necessary before a proper determination of "disabled" or "not disabled" can be made. On remand, the ALJ must further assess claimant's mental impairments and assess the effect, if any, of his obesity, develop the medical record to obtain necessary clarification and reevaluate the medical source opinions. Based on the complete record, the ALJ must then reassess claimant's residual functional capacity and, depending on that finding, obtain supplemental vocational expert testimony. At this point,

the record as it stands is equivocal and inconsistent, and does not, as claimant argues, compel a conclusion of "disabled" in the absence of findings sufficient to support such a conclusion.

Thus, I conclude that remand for an immediate award of benefits is not appropriate because outstanding issues remain to be resolved and the record does not compel a finding that claimant is disabled. Consequently, in the exercise of my discretion, I grant defendant's motion (# 16) and remand this action to the Commissioner for further proceedings.

## CONCLUSION

Defendant's motion to remand (# 16) is GRANTED. The decision of the Commissioner denying benefits is REVERSED and REMANDED for further proceedings as described in Defendant's Memorandum in Support of Remand and consistent with this opinion. As a condition of remand, defendant shall pay claimant's reasonable attorney fees and costs incurred on or before the date of defendant's motion to remand (December 20, 2005).

DATED this 30th day of January, 2006.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge